UNITED STATES of America,
Appellee,

v.

Eleanor A. ELLIS, a/k/a Eleanor A.
Boggs, Defendant–Appellant.

No. 02–1418, 02–1421.

United States Court of Appeals,
Second Circuit.

March 18, 2003.

Marjorie M. Smith, Tappan, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: POOLER, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of March, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Eleanor Ellis appeals from two judgments of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*) which were both filed on July 3, 2002. The judgments resulted from Ellis's guilty pleas to one count of bank fraud and to a violation of supervised release. Ellis's plea waived her right to appeal if the sentence imposed on the bank fraud count was less then eight months. After accepting Ellis's plea on the bank fraud count, the district court indicated that because it was in possession of a Presentence Investigation Report ("PSR") prepared about two years earlier in conjunction with Ellis's conviction for bankruptcy fraud, it felt that it could meaningfully exercise its sentencing authority without ordering a new PSR. Accordingly, after it was agreed without objection that given Ellis's criminal history category, the appropriate Guidelines range would be two to eight months, the court sentenced Ellis to six months imprisonment on the bank fraud count. The court also imposed a restitution order requiring Ellis to pay back under a lenient repayment schedule the $5,200 she had fraudulently taken from two banks. On the same day, Ellis also pleaded guilty to a violation of supervised release. The district court sentenced her to nine months imprisonment for that violation. Ellis has not appealed any aspect of the supervised release conviction and sentencing.

First, Ellis challenges the district court's decision to sentence her without ordering a new PSR. The court instead relied on a PSR prepared in connection with another conviction approximately two years earlier, as well as on a more recent letter submission from the Probation department. Ordinarily a district court should obtain a

PSR, unless "the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553; and [ ] the court explains this finding on the record." Fed. R.Crim.P. 32(b)(1). 18 U.S.C. § 3553 lists the factors which a court should consider in sentencing, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

■ The Government argues that the appeal must be dismissed because Ellis waived her right to appeal any sentence she received for the bank fraud conviction that was less than eight months. A waiver of the right to appeal is enforceable if the record clearly demonstrates that the waiver was knowing and voluntary. *United States v. Ready,* 82 F.3d 551, 557 (2d Cir. 1996). Defendant notes that when the court asked her if she understood the rights that she was giving up through her guilty plea, she answered, "I guess." Certainly, if this were the only portion of the colloquy where the court questioned Ellis about her waiver of appellate rights, the knowing nature of the waiver would be called into question. However, the court later engaged defendant in a more satisfactory discussion of the waiver, in which the court asked if defendant understood that she "can't even appeal [the] sentence unless [her] sentence is more than eight months on this," and the defendant answered affirmatively. Thus, Ellis's waiver of her right to appeal is effective with respect to the bank fraud sentencing.

■ Defendant also contends that even if the waiver is effective, the waiver could not include a waiver of the right to a PSR, because "Ellis had a right, pursuant to Rule 32(b)(1) and 18 U.S.C. § 3553, to have a presentence investigation done prior to her sentencing, and a report submitted to her and the Court, and nothing in

the appellate waiver overrides this right." Indeed, a defendant cannot waive the preparation of a PSR without court approval. Fed.R.Crim.P. 32(c)(1). At any rate, we need not determine whether Ellis's waiver included waiver of the right to appeal the court's determination not to order a PSR, since in this case, the district court did not abuse its discretion. The district court did not err in determining that it had access to sufficient information to allow it to exercise its sentencing authority meaningfully. In addition to the 2000 PSR, the court had access to a letter from the Probation Office detailing how Ellis had violated the terms of her supervised release. The letter also described the bank fraud conduct. Moreover, the court asked Ellis questions about, *inter alia,* her children and her work. Prior to sentencing, the court also asked both Ellis and her counsel if they had anything to add; Ellis's counsel noted that defendant was pregnant and had a heart condition. Given the information available to the court, the relative simplicity of the Guidelines calculation involved, and the agreement among the parties regarding that calculation, the district court did not abuse its discretion in determining that in this case it had sufficient information to exercise its sentencing discretion meaningfully.

■ Second, Ellis contends that the district court did not properly elicit a sufficient factual basis for her plea to the bank fraud count, particularly with regards to her intent to defraud. She suggests that her description of her actions did not include a specific intent to defraud, since she indicated only that she "knew [her husband, who wrote the checks] was having financial problems and *figured the checks were bad*" but withdrew the money anyway. Again, if this portion of the proceeding selectively cited by defendant were the only relevant questioning on this issue, we

might agree with defendant's claims. However, upon a reading of the entire transcript, it is clear that the district court properly found a factual basis for accepting Ellis's guilty plea. Other parts of the colloquy read:

THE COURT: Well, I guess what I want to know, did she knowingly make withdrawals knowing that there was not adequate money in the bank to cover those checks?

THE DEFENDANT: Yes.

THE COURT: No question about that.

The DEFENDANT: No.

. . .

THE COURT: [You withdrew the money k]nowing the bank was not going to get covered.

THE DEFENDANT: Right.

THE COURT: Okay. There's no question about that.

THE DEFENDANT: No.

Thus, the totality of the proceedings makes it clear that the district court elicited from defendant an admission to a knowing intent to defraud the bank.

Third, Ellis questions the restitution order imposed by the district court because of the court's failure to order a new PSR or to otherwise obtain information on Ellis's current financial situation. Indeed, "a presentence investigation and report, or other report containing information sufficient for the court to enter an order of restitution, as the court may direct, shall be required in any case in which restitution is required to be ordered." Fed.R.Crim.P. 32(b) (2002).[1] However, here, the information from the 2000 PSR indicated that Ellis had limited financial resources and had never made more than $15,000 a year. Ellis also expressed a desire to "go back and make things right and pay back what we took." The district court imposed the restitution order with these comments:

Upon the Court's review of your financial resources, other assets, projected earnings and other income and financial obligations, the Court finds you have the ability to pay restitution and it is ordered that you shall make restitution [to the banks in the amounts withdrawn]. Restitution shall be paid in monthly installments of 10 percent of your gross monthly income while you are incarcerated, and upon your release from custody you shall pay monthly installments of 10 percent of your gross monthly income or $50, whichever is greater.... Restitution is to be paid in full no later than July the 1st of 2005, with any remaining balance to be paid in a lump sum at that time.

The 2000 PSR described Ellis's limited financial means. She told the court that most recently she had worked cleaning hotels. The court clearly took Ellis's limited financial resources into account, since it, for example, waived payment of interest on the restitution. Moreover, the schedule established by the district court clearly considered Ellis's inability to pay large sums of money. The court had sufficient information about both Ellis and the victims from the 2000 PSR and the letter from the Probation Office. Moreover, restitution here was mandatory, so the district court had no discretion to lower the amount of restitution ordered. 18 U.S.C. § 3663A. Therefore, the court did not abuse its discretion in fashioning the restitution order without ordering a new PSR.

For the reasons stated above, we affirm the judgment of the district court.

---

1. Since Ellis's sentencing, the rule has been amended slightly and the provision on restitution and PSRs is now found in Fed.R.Crim.P. 32(c)(1)(B).